# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MAXIMO ENCARNACION,**

    **Plaintiff,**

**v.**              **Case No:   6:18-cv-682-Orl-41KRS**

**DANNIX PAINTING LLC,**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

   This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 15)** |
| **FILED:** | **August 8, 2018** |

## I.  BACKGROUND.

   On May 2, 2018, Plaintiff, Maximo Encarnacion, filed a complaint against Defendant, Dannix Painting LLC.   Doc. No. 1.   In the complaint, Plaintiff asserted that Defendant violated the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.   *Id.*   He also asserted a claim for unpaid wages under Florida common law.   *Id.* Plaintiff contended that he was entitled to unpaid overtime compensation, unpaid minimum wages, and liquidated damages pursuant to the FLSA and unpaid wages pursuant to Florida common law. *Id.* at 7-8.

On June 6, 2018, Plaintiff filed a motion for entry of Clerk's default against Defendant. Doc. No. 8.   The Clerk of Court entered a default against Defendant on June 8, 2018.   Doc. No. 9. Less than a week later, the parties filed a notice of settlement, Doc. No. 10, after which I ordered the parties to file a motion for settlement approval, Doc. No. 11.

On July 2, 2018, the parties filed a motion requesting that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).   Doc. No. 13.   I denied that motion without prejudice because the parties' settlement agreement included a general release of all employment claims Plaintiff had against Defendant.   Doc. No. 14. Although the settlement agreement also included a neutral reference provision and a provision whereby Defendant released all claims it had against Plaintiff, the parties did not provide any information about the value of the claims Plaintiff was agreeing to release and did not otherwise explain why the general release did not preclude the Court from finding that the settlement was fair and reasonable.   *Id.*

The parties have now filed a renewed motion for settlement approval.   Doc. No. 15.   The motion is supported by an amended settlement agreement.   Doc. No. 15-1.   The motion states that amended agreement "is limited to a release of claims Plaintiff has alleged in the litigation . . .; excludes a general mutual release of claims by the Parties which would encompass claims beyond those asserted by Plaintiff in the litigation; and clarifies that part of the consideration for the Agreement and resolving the claims asserted in the agreement is Defendant's agreement to a neutral reference . . . ."   Doc. No. 15, at 4.   In the motion, the parties stipulated to a dismissal of this action with prejudice.   *Id.*   The matter is now ripe for review.

## II.      APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]   If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.   *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

### III.  ANALYSIS.

    *A.  Whether Plaintiff Has Compromised His Claims.*

Under the amended settlement agreement, Defendant will pay Plaintiff a total of $2,000.00—$1,000.00 for alleged unpaid wages and $1,000.00 to Plaintiff for alleged liquidated damages. Defendant will also pay $2,800.00 to Plaintiff's attorneys.   Doc. No. 15-1 ¶¶ 1-3.   In their current motion for settlement approval, the parties represent that Plaintiff calculated that he was entitled to $1,075.25 in unpaid minimum wages and overtime compensation, $1,075.25 in liquidated damages, and $1,000.000 in unpaid wages under Florida common law related to an allegedly illegal deduction. Doc. No. 15, at 3.   Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

    *B.  Whether the Amount Is Fair and Reasonable.*

Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.   The parties agree that this action involves disputed issues, including whether Plaintiff worked any unpaid regular time over overtime hours and whether the deduction from Plaintiff's pay was authorized.  *Id.* at 2-3.   These disputes explain the parties' compromise, and I recommend that the Court find that the amount of the compromise is reasonable.  *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

    *C.  Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised his FLSA claim, the Court must consider whether the payment to his attorneys is reasonable, to ensure that the fees and costs to be paid to his attorneys did not improperly influence the amount Plaintiff agreed to accept.  *See Silva*, 307 F. App'x at 351.

In this case, Plaintiff's counsel will receive $2,800.00, including $400.00 for the filing fee and $60.00 in costs associated with service of process.   Doc. No. 15, at 3.   Counsel represent that this amount was negotiated separately from Plaintiff's recovery and did not adversely affect Plaintiff's recovery.   *Id.*   In the absence of objection, I recommend that the Court find that the amount of attorneys' fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of his FLSA claims.   *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

     D.    *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable.   *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims.").   The parties' motion states that the amended settlement agreement has been revised such that Plaintiff's release is limited "to a release of claims Plaintiff has alleged in the litigation."   Doc. No. 15, at 4.   And, indeed, Paragraph 7 of the amended settlement agreement provides, that "[t]he claims, demands, actions, causes of action, or suits at law or in equity encompassed by this Agreement and release are limited to those asserted in the Civil Action, i.e. [Plaintiff's] claims for violation of the overtime and minimum wage provisions of the Fair Labor Standards Act . . . and [Plaintiff's] claims for violations of Florida Common Law for unpaid wages . . . ."   Doc. No. 15-1 ¶ 7.   A release that is limited to the claims raised in a plaintiff's complaint raises no concerns under *Lynn's Food*.   *See, e.g., Turner v. HJB Express Freight, Inc.*, No. 6:17-cv-655-Orl-37KRS, Doc. No. 35 (M.D. Fla.

May 8, 2018) (approving FLSA settlement where release was limited to claims asserted in the complaint).

Nonetheless, the parties' amended settlement agreement continues to include language that arguably contradicts the limited scope of the release.  Specifically, the title and first line of the agreement refer to it as a "Settlement Agreement and General Release."  Doc. No. 15-1, at 1.  The fourth recital provides, "WHEREAS, the parties have determined their respective interests would best be served by completely resolving, compromising, and settling the existing or possible disputes, disagreements and controversies between them without additional delay, or continued litigation in the Civil Action . . . ."  *Id.* ("Fourth Recital").  Paragraph 5 of the amended agreement states, "[Plaintiff] agrees that the above description of the payments is in full satisfaction of any claim by [Plaintiff] and/or his attorneys against [Defendant] for any claims, including attorney fees and costs associated with the Civil Action."  *Id.* ¶ 5.  Likewise, the closing paragraph of the amended settlement agreement states, "**HAVING ELECTED TO SIGN THIS RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN CONSIDERATION, [PLAINTIFF] ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS [PLAINTIFF] HAS OR MIGHT HAVE AGAINST [DEFENDANT].**"  *Id.* at 5 ("Closing Paragraph").  All of these provisions suggest that Plaintiff is entering into a general release.

Because the parties have represented in their motion that they intended to limit Plaintiff's release to a release of the claims asserted in his complaint, I recommend that the Court find that the release is permissible in scope and conclude that the settlement is a fair resolution of Plaintiff's claims.  Nonetheless, in an abundance of caution, to avoid confusion, and to effectuate the parties' intent to limit the release to the claims asserted in Plaintiff's complaint, I recommend that the Court

- 6 -

sever the arguably contradictory language in accordance with the severability clause included in the amended settlement agreement (Doc. No. 15-1 ¶ 13), as follows:

- Strike "and General Release" from the title and first sentence of the amended settlement agreement (Doc. No. 15-1, at 1);

- Strike the arguably contradictory language from the Fourth Recital and revise the Fourth Recital to read, "WHEREAS, the parties have determined their respective interests would best be served by completely resolving, compromising, and settling ~~the existing or possible disputes, disagreements and controversies between them without additional delay, or continued litigation in~~ the Civil Action" (*id.*)[2];

- Strike the arguably contradictory language from Paragraph 5 and revise Paragraph 5 to read, "Encarnacion agrees that the above description of the payments is in full satisfaction of any claim by Encarnacion and/or his attorneys against Dannix for any claims~~, including attorney fees and costs~~ associated with the Civil Action" (*id.* ¶ 5); and,

- Strike the Closing Paragraph (*id.* at 5).

## IV.   RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court:

1. **GRANT in part** the Renewed Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Doc. No. 15);

2. **STRIKE** language from and **REVISE** the amended settlement agreement as follows:

    a. **DELETE** "and General Release" from the title and first sentence of the amended settlement agreement (Doc. No. 15-1, at 1);

---

[2] The recommended stricken language appears in strikethrough format.

b.  **REVISE** the Fourth Recital to read, "WHEREAS, the parties have determined their respective interests would best be served by completely resolving, compromising, and settling the Civil Action" (*id.*);

c.  **REVISE** Paragraph 5 to read, "Encarnacion agrees that the above description of the payments is in full satisfaction of any claim by Encarnacion and/or his attorneys against Dannix for any claims associated with the Civil Action" (*id.* ¶ 5); and

d.  **DELETE** the Closing Paragraph (*id.* at 5).

3.  **FIND** that the parties' amended settlement agreement (Doc. No. 15-1), as revised above, is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

4.  **PROHIBIT** counsel from withholding any portion of the $2,000.00 payable to Plaintiff pursuant to a contingent fee agreement or otherwise;

5.  **DISMISS** the case with prejudice; and

6.  **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on August 13, 2018.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy